# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2021

Lyle W. Cayce
Clerk

No. 20-60858
Summary Calendar

Dunia Raquel Siles-Andrades,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 488 754

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Dunia Raquel Siles-Andrades, a native and citizen of Nicaragua, petitions for review of a Board of Immigration Appeals (BIA) order dismissing her appeal of an Immigration Judge (IJ) order denying her applications for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60858

Convention Against Torture (CAT) based on physical abuse inflicted by her estranged husband. Siles-Andrades argues that she established that she experienced past persecution and had a well-founded fear of future persecution based on her membership in a cognizable particular social group and based on her imputed political opinion. She contends that her relocation within Nicaragua would be unreasonable because her husband threatened to harm her if she returned, because violence against women remained widespread, and because she would have to support her two children in an unfamiliar area.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

A number of Siles-Andrades's claims are abandoned, unexhausted, or otherwise unreviewable by this court. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Siles-Andrades failed to challenge the denial of her CAT claim in her appeal to the BIA. Accordingly, even though she seeks to raise it in her petition for review, this issue is unexhausted, and we lack jurisdiction to consider it. *Wang*, 260 F.3d at 452-53. Further, in her appeal to the BIA and in her petition for review, Siles-Andrades did not brief any challenge to the IJ's finding that her asylum application was untimely because it was filed more than one year after her entry into the United States. Accordingly, as the BIA determined, this issue is abandoned. *See Chambers*, 520 F.3d at 448 n.1. Because the BIA affirmed the denial of asylum and withholding of removal on the basis that Siles-Andrades failed to establish that the

No. 20-60858

Nicaraguan government would be unwilling or unable to protect her or that it would be unreasonable for her to relocate within Nicaragua, only those issues are before us. *See Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The BIA's finding that Siles-Andrades could reasonably relocate within Nicaragua is dispositive of her asylum and withholding of removal claims and is supported by substantial evidence. *See Martinez-Lopez*, 943 F.3d at 769; *see also Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004). While she claimed that she had a well-founded fear that her estranged husband would persecute her if she were to return to Nicaragua, Siles-Andrades testified that she believed her husband was in the United States. He had not contacted or threatened her for five years at the time of the hearing. Siles-Andrades testified that she was afraid of his family, but she acknowledged that no one in his family had physically harmed her, and she was not harmed when she briefly returned to Nicaragua in 2014. Further, the BIA noted that Siles-Andrades had transferable job skills and found that she could support herself in another part of the country. Accordingly, substantial evidence supports the BIA's conclusion that Siles-Andrades was not entitled to asylum or withholding of removal. *See Martinez-Lopez*, 943 F.3d at 769.

Given the foregoing, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.